UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                                   :

BAE SYSTEMS SOUTHEAST SHIPYARDS  :
AMHC INC.,                                       : Case No. 1:19-cv-09658 JSR-OTW

                     *Plaintiff*,

                                                  : **PLAINTIFF'S MEMORANDUM IN**
            v.                                      : **OPPOSITION TO DEFENDANTS'**
                                                  : **MOTION TO TRANSFER VENUE**
THOMAS M. CLARKE and                    :
ANA M. CLARKE,                                     :
                                                    :
                   *Defendants*.       :
------------------------------------- X

**Table of Contents**

| | | Page |
|---|---|---|
| I. | Introduction | 1 |
| II. | Factual and Procedural Background | 2 |
| III. | Legal Analysis and Argument | 4 |
| | A. Standard for Motion to Transfer Venue | 4 |
| | B. The Forum Selection Clause in the Guaranty is Presumptively Enforceable | 5 |
| | C. The Defendants Have Failed to Prove That a Transfer of Venue is Warranted | 6 |
| | D. A Transfer of Venue Would be Contrary to the Interests of Justice | 8 |
| IV. | Conclusion | 9 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aguas Lenders Recovery Grp. LLC v. Suez, S.A.*,
    585 F.3d 696 (2d Cir.2009) ................................................................................................5

*Atl. Marine Constr. Co. v. United States Dist. Ct. for W. Dist. of Tex.*,
    571 U.S. 49 (2013) .................................................................................................... 1, 4, 7

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006) .................................................................................................4

*Direnzo v. Philip Servs. Corp.*,
    294 F.3d. 21 (2d Cir. 2002) ................................................................................................5

*Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*,
    No. 11 Civ. 2589 (VM), 2011 WL 4005345 (S.D.N.Y. Aug. 29, 2011) ..............................6

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ...........................................................................................................5

*ICICI Bank Ltd. v. Essar Global Fund Ltd.*,
    565 B.R. 241 (S.D.N.Y. 2017) ...........................................................................................6

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ...............................................................................................................5

*Martinez v. Bloomberg LP*,
    740 F.3d 211 (2d Cir. 2014) ...............................................................................................5

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
    599 F.3d 102 (2d Cir. 2010) ........................................................................................... 5, 6

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) .............................................................................................................4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ...........................................................................................................4

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................4

**Other Authorities**

*This Nursing Home Operator Thinks He Can Save Minnesota Mining,* Bloomberg Businessweek (March 21, 2018) (available at: https://www.bloomberg.com/news/features/2018-03-21/what-s-a-nursing-home-operator-doing-running-an-iron-mine) ...........................................................................8

The Plaintiff, BAE Systems Southeast Shipyards AMHC Inc. ("**BAE Systems**"), by its undersigned counsel, submits this memorandum in opposition to the Motion to Transfer Venue to the Western District of Virginia (the "**Motion**") (ECF No. 13) filed by the Defendants, Thomas M. Clarke and Ana M. Clarke (collectively, the "**Defendants**").

## I.     Introduction

This case is a straightforward collection action based on the Defendants' personal guaranty of a $10 million commercial promissory note that was not paid at maturity.  The Guaranty at issue, which is governed by New York law, includes a forum selection clause in which the Defendants consented to personal jurisdiction in this Court, agreed that any litigation initiated by BAE Systems to enforce the Guaranty could be venued in this Court, and explicitly waived any argument that venue in this Court is not convenient.

The Supreme Court has recognized that "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  *Atl. Marine Constr. Co. v. United States Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citations omitted).  Accordingly, "a valid forum-selection clause [should be] given *controlling weight* in all but the most exceptional cases."  *Id.* (emphasis added).

Here, the Defendants have failed to demonstrate that this is an exceptional case that warrants a transfer of venue.  Instead, they argue purely on convenience and private interest factors that have been waived under the Guaranty and that, under controlling Second Circuit law, cannot serve as grounds for a transfer of venue where the parties have agreed to a particular forum.

Any attempt by the Defendants to portray themselves as people of limited means should be viewed with suspicion.  Mr. Clarke is a seasoned entrepreneur with a long history of complex financial dealings, and he has a long history of litigation in courts throughout the nation.  Over the

past two years alone, he has been involved in at least seven federal court lawsuits in four federal judicial districts (not including the present litigation before this Court).

This litigation can be, and it should be, promptly concluded in the forum agreed to by the parties. A transfer of venue would only serve to delay this litigation and would be contrary to the interests of justice.

## II.       Factual and Procedural Background

BAE Systems is seeking damages from the Defendants for breach of a Personal Guarantee dated October 12, 2018 (the "**Guaranty**") pursuant to which the Defendants guaranteed the obligations of Epic Maritime Asset Holdings, LLC ("**Epic Maritime**") under a Non-Negotiable Term Promissory Note dated October 12, 2018 in the principal amount of $10,000,000 (the "**Note**"). BAE Systems has alleged in its Complaint that Epic Maritime failed to pay the amount due under the Note when it matured on October 12, 2019. BAE Systems has further alleged that the Defendants have defaulted on their obligations under the Guaranty by failing to pay the amount due thereunder. *See* Complaint (ECF No. 1) at ¶¶ 1-2 and 11-13.

As described in the recitals to the Guaranty (a copy of which is attached as an exhibit to the Complaint and as an exhibit to the Motion; ECF Nos. 1-2 and 13 at page 15), the Guaranty was delivered in connection with a transaction in which Epic Maritime acquired the equity interests in a company that owned a shipyard located in Alabama. The parties to the transaction included companies and individuals from multiple states within the United States and Canada. *See* Guaranty Recitals and Signature Pages; ECF No. 1-2. At the time they signed the Guaranty, the Defendants "were represented by a prestigious law firm with offices in Manhattan and throughout the United States and the world." *See* ECF No. 13, ¶ 16; Motion at p. 5.

The Guaranty, which is governed by New York law, includes the following forum selection clause:

> The parties hereto (i) consent to the personal jurisdiction of the state and federal courts located in the State of New York in connection with any controversy related to this Guaranty; (ii) waive any argument that venue in any such forum is not convenient; (iii) agree that any litigation initiated by Holder or the Guarantor in connection with this Guaranty may be venued in the state or federal courts located in the City of New York, New York; and (iv) agree that a final judgment in any such suit, action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

ECF No. 1-2; Guaranty at ¶ 12.

On October 28, 2019, in accordance with the forum selection clause of the Guaranty, BAE Systems filed suit against the Defendants in this Court.

On December 4, 2019, the Court entered a case management order fixing February 28, 2020 as the deadline for completion of discovery and the filing of motions for summary judgment. A final pretrial conference is scheduled for March 31, 2020.

On December 26, 2019, the Defendants filed the Motion in which they assert that they "cannot afford to hire counsel to represent us in this case." *See* ECF No. 13, ¶ 16; Motion at p. 5.

On January 3, 2020, Timothy E. Dixon (an attorney licensed in Maryland and Virginia who is described in the Motion as "an employee of a non-profit health care company with which [the Defendants] are affiliated" and who has agreed to "represent [the Defendants] at no cost to us") filed a motion for admission *pro hac vice* to represent the Defendants before the Court. *See* ECF No. 13; Motion at pp. 1-2; Motion for Admission (ECF No. 15).

**III.    Legal Analysis and Argument**

    **A.    Standard for Motion to Transfer Venue**

Under 28 U.S.C. § 1404(a), a district court may, "for the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted).

Generally, a district court has "broad discretion" when deciding a Section 1404(a) motion to transfer venue. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). In a typical case, the court evaluates both "the convenience of the parties and various public-interest considerations" by weigh[ing] the relevant factors and decid[ing] whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 571 U.S. at 62-63 (quoting 28 U.S.C. § 1404(a)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. . . . In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id*. at 66.

To determine whether a forum selection clause is presumptively enforceable, courts in the Second Circuit consider the following factors:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., . . .

4

> whether the parties are required to bring any . . . dispute to the designated forum or simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (internal citations omitted, emphasis in original).

The party seeking a change of venue has the burden of establishing by clear and convincing evidence that a transfer is warranted. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)*; see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("[A] forum selection clause should control absent a strong showing that it should be set aside."). Furthermore, there is a "strong presumption" in favor of the plaintiff's choice of forum. *See Direnzo v. Philip Servs. Corp.*, 294 F.3d. 21, 28 (2d Cir. 2002) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.")).

### B.      The Forum Selection Clause in the Guaranty is Presumptively Enforceable

The Defendants do not dispute that the forum selection clause in the Guaranty was reasonably communicated to them (ECF No. 13; Motion at p. 4), nor do they dispute that BAE System's claims are subject to the forum selection clause (*Id*. at p. 5). They argue, however, that the forum selection clause is not mandatory because it states that litigation "may be venued" (rather than "shall be venued") in this Court. In making this argument, the Defendants have ignored critical language of the Guaranty and have ignored Second Circuit authority that interprets the effect of this critical language. *Aguas Lenders Recovery Grp. LLC v. Suez, S.A.,* 585 F.3d 696,

5

700 (2d Cir.2009) (noting that the combination of permissive forum selection language with a waiver of any claims of inconvenient forum "amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum").

"[A] forum selection clause that combines permissive forum selection language with an express waiver of venue objections is deemed to be mandatory." *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, No. 11 Civ. 2589 (VM), 2011 WL 4005345, at *2 (S.D.N.Y. Aug. 29, 2011) (citing *Aguas Lenders Recovery Grp. LLC,* 585 F.3d at 700); *see also ICICI Bank Ltd. v. Essar Global Fund Ltd.*, 565 B.R. 241, 252-53 (S.D.N.Y. 2017) (holding that a forum selection clause in a guaranty agreement that combined permissive language with a waiver of venue objections was "mandatory, or, more precisely, became mandatory once Plaintiff had filed suit in one of the designated fora").

The reasoning of the above cases applies here. The forum selection clause of the Guaranty combines permissive language ("may be venued") with an express waiver of a venue objection (the parties "waive any argument that venue in any such forum is not convenient"). ECF No. 1-2; Guaranty at ¶ 12. As such, the forum selection clause is mandatory and presumptively enforceable.

### C. The Defendants Have Failed to Prove That a Transfer of Venue is Warranted

As the party challenging the forum selection clause, the Defendants have the burden of proving by clear and convincing evidence that a transfer of venue is warranted. *N.Y. Marine*, 599 F.3d at 114. They have failed to carry this burden here.

Because the Guaranty includes a valid forum selection clause, the Court is required to adjust its analysis to consider only private interest factors:

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court

6

> accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . As a consequence, a district court may consider arguments about public-interest factors only.

*Atlantic Marine*, 571 U.S. at 64.

Significantly, the Defendants have failed to advance any argument based on the public interest factors identified in the *Atlantic Marine* case. 571 U.S. at 63, n. 6 (public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law"). Instead, the Defendants' sole argument in support of the Motion is based purely on convenience and private interest factors (*i.e.*, that it somehow would be "unjust" or "unreasonable" to require them to defend claims in this Court because they live in Virginia and they purport to lack resources to engage counsel in New York). *See* ECF No. 13; Motion at ¶¶ 16 & 17. Given the Defendants' failure to cite a single public interest factor in support of their position, they cannot possibly carry their burden of proving that this is an exceptional case where a transfer of venue is warranted by public interest factors.

Finally, it should be noted that the attorney who the Defendants state would defend them if the case were transferred to Virginia (Timothy E. Dixon) could have, and did file, a motion for admission *pro hac vice* to represent the Defendants in this Court. If the application is ultimately granted, the Defendants will have the same representation before this Court that they would have if the case were transferred to Virginia, thus eliminating the prejudice that the Defendants allege in the Motion.

7

### D. A Transfer of Venue Would be Contrary to the Interests of Justice

The Defendants attempt to portray themselves as people of limited means who lack the resources to defend litigation outside of their home jurisdiction. Nothing could be further from the truth.

Mr. Clarke is an entrepreneur with interests in numerous companies, and he has a long history of complex financial dealings involving countless millions of dollars. *See This Nursing Home Operator Thinks He Can Save Minnesota Mining,* Bloomberg Businessweek (March 21, 2018) (available at: https://www.bloomberg.com/news/features/2018-03-21/what-s-a-nursing-home-operator-doing-running-an-iron-mine). Mr. Clarke is also no stranger to litigation. Over the last several years, he has been involved in litigation in numerous courts throughout the nation. Within the last two years alone, he has been a party to the following litigations in four federal judicial districts (in addition to the this litigation):

Northern District of Alabama

- *Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust v. Thomas M. Clarke* (Bankr. Adv. Proc. No. 18-04177) (Breach of Contract)

- *Benton & Centeno LLP v. Thomas M. Clarke and Ana M. Clarke* (Civil Action No. 2:19-cv-01317) (Breach of Contract)

District of Delaware

- *Cliffs Natural Resources, Inc., et al. v. Seneca Coal Resources, LLC, Thomas M. Clarke, Ana M. Clarke, et al.* (Civil Action No. 1:17-cv-00567) (Breach of Contract; RICO; Fraudulent Transfers)

Eastern District of Louisiana

- *Orinoco Natural Resources, Inc., Merida Natural Resources, Inc. and Thomas M. Clarke v. Modern American Recycling Service, Inc.* (Civil Action No. 2:19-cv-00865) (Breach of Contract; Conversion; Rescission of Contract)

<u>District of Minnesota</u>

- *Wilmington Savings Fund Society, FSB, Progress Rail Leasing Corporation, Merida Natural Resources, LLC, Thomas M. Clarke and Ana M. Clarke v. White County, Indiana, et al.* (Bankr. Adv. Proc. No. 18-05034) (Declaratory Judgment; Objection to Claims)

- *B. Riley FBR, Inc. v. Thomas M. Clarke* (Civil Action No. 0:18-cv-02318) (Fraud)

- *Henson & Efron, P.A. v. Thomas M. Clarke* (Civil Action No. 0:19-cv-03011) (Breach of Contract)

Given the Defendants' history, the Court should respectfully not accept as credible their statement that they cannot afford to hire counsel outside of Virginia (which is not supported by any actual financial disclosure), nor should the Court respectfully accept their statement that they have not been able to find a New York attorney willing to act as local counsel (which is not supported by any detail regarding efforts they have made to engage counsel in New York). The Defendants have not filed bankruptcy, and they are defending the litigation as if they have significant assets to protect.

This litigation is now several months old, and the discovery and motions deadlines are approaching. A transfer of venue would only serve to delay this litigation, likely for many months. Such an outcome would be costly, inefficient and contrary to the interests of justice.

## IV.    <u>Conclusion</u>

The Defendants have failed to carry their heavy burden of proving that this is an exceptional case where a transfer of venue is warranted. This litigation should proceed to a prompt conclusion before this Court, as was agreed to by the parties in the forum selection clause of the Guaranty. Accordingly, the Motion should be denied.

Dated: January 7, 2020
    New York, New York

9

Respectfully submitted,

 /s/  *Colleen Carey Gulliver*
Colleen Carey Gulliver
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Telephone:  (212) 335-4737
Facsimile:  (917) 778-8037
Email:  colleen.gulliver@dlapiper.com

and

C. Kevin Kobbe (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209
Telephone:  (410) 580-4189
Facsimile:  (410) 580- 3189
Email: kevin.kobbe@dlapiper.com

*Counsel for BAE Systems Southeast Shipyards AMHC Inc.*


Respectfully submitted,

 /s/  *Colleen Carey Gulliver*
Colleen Carey Gulliver
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Telephone:  (212) 335-4737
Facsimile:  (917) 778-8037
Email:  colleen.gulliver@dlapiper.com

and

C. Kevin Kobbe (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland  21209
Telephone:  (410) 580-4189
Facsimile:  (410) 580- 3189
Email: kevin.kobbe@dlapiper.com

*Counsel for BAE Systems Southeast Shipyards AMHC Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of January, 2020, a copy of **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE** (attached hereto) was sent electronically and by first class mail postage prepaid to:

>Thomas M. Clarke
>192 Summerfield Court, Suite 203
>Roanoke, VA 24019
>tom.clarke@clarkeinvestments.com
>
>Ana M. Clarke
>192 Summerfield Court, Suite 203
>Roanoke, VA 24019
>ana@clarkeinvestments.com
>
>Timothy E. Dixon, Esq.
>Clarke Investments, LLC
>192 Summerfield Court, Suite 203
>Roanoke, VA 24019
>timothy.dixon@clarkeinvestments.com

Dated: January 7, 2020                **DLA PIPER US LLP**
       New York, New York

                                       /s/  *Colleen Carey Gulliver*
                                       Colleen Carey Gulliver
                                       **DLA PIPER LLP (US)**
                                       1251 Avenue of the Americas, 27th Floor
                                       New York, New York 10020
                                       Telephone:  (212) 335-4737
                                       Facsimile:  (917) 778-8037
                                       Email:  colleen.gulliver@dlapiper.com

                                       *Counsel for BAE Systems Southeast Shipyards AMHC Inc.*