UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
BAE SYSTEMS SOUTHEAST SHIPYARDS   :
AMHC INC.,                         :
                                   :
        Plaintiff,                 :    19-cv-9658 (JSR)
                                   :
        -v-                        :
                                   :    MEMORANDUM ORDER
THOMAS M. CLARKE and ANA M. CLARKE,:
                                   :
        Defendants.                :
---------------------------------- x

JED S. RAKOFF, U.S.D.J.

On October 18, 2019, plaintiff BAE Systems Southeast Shipyards AMHC Inc. ("BAE") brought a one-count complaint against defendants Thomas Clarke and Ana Clarke to enforce the terms of a guaranty. Complaint, ECF No. 1 ¶ 1; Guaranty, ECF No. 1-2 ("Guaranty"). Contrary to the explicit terms of the forum selection clause in the Guaranty as discussed below, the defendants have now moved the Court to transfer venue to the Western District of Virginia. ECF No. 12. Their main argument is that they would have to proceed pro se in this Court as they "cannot afford to hire New York counsel," whereas they would be represented without cost in the Western District of Virginia by Timothy E. Dixon, an attorney admitted in Virginia and an employee at a company with which the defendants are affiliated. Defendants Thomas M. Clarke and Ana M. Clarke's Motion to Transfer Venue to the Western District of Virginia, ECF No. 13

("Defs. Mem."), at 1-2. BAE opposes. Plaintiff's Memorandum in Opposition to Defendants' Motion to Transfer Venue, ECF No. 16 ("BAE Opp."). For the reasons set forth below, the Court denies the defendants' motion.

## Analysis

Under 28 U.S.C. § 1404(a), the Court may, "for the convenience of the parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

To begin with, the parties here contracted in advance that any litigation similar to the instant action could be brought in a state or federal court located in the State of New York:

> The parties hereto (i) consent to the personal jurisdiction of the state and federal courts located in the State of New York in connection with any controversy related to this Guaranty; (ii) waive any argument that venue in such forum is not convenient; (iii) agree that any litigation initiated by Holder or the Guarantor in connection with this Guaranty may be venued in the state or federal courts located in the City of New York, New York; . . .

Guaranty ¶ 12. To determine whether this forum selection clause is enforceable, the Court considers the following factors:

> (1) Whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive . . . ; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. . . . If [these three conditions are met], it is presumptively enforceable. A party can overcome this presumption only by (4) making a

2

sufficiently strong showing that enforcement would be
unreasonable or unjust, or that the clause was invalid
for such reasons as fraud or overreaching.

Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014).[1] The parties do not dispute that the first and third factors are satisfied. Defs. Mem. 4, 5; BAE Opp. 5. Also, contrary to the defendants' view regarding the second factor that the forum selection clause here is not mandatory because it states that litigation "may be venued" here, see Guaranty ¶ 12(iii), the case law is clear that a combination of such permissive language with an express waiver of venue objections, see Guaranty ¶ 12(ii), "amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum." Aguas Lenders Recovery Group LLC v. Suez, S.A., 585 F.3d 696, 700 (2d Cir. 2009).[2]

The defendants fail to make any, let alone "sufficiently strong," showing that the fourth factor is satisfied. The

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[2] To get around this clear case law, the defendants argue that their objection to this forum is based on justice considerations, not based on inconvenience, noting that the express language of ¶ 12(ii) waives only those venue objections based on convenience. Defs. Mem. 4. The Court is not persuaded, because the defendants are de facto trying to remove based on convenience and because justice considerations do not support their position, as discussed in the next paragraph.

3

defendants claim that they cannot afford to hire New York counsel and that it is difficult for a pro se litigant to receive justice. Defs. Mem. 5. However, Dixon, who could allegedly defend them in the Western District of Virginia at no cost, filed a motion for admission pro hac vice to represent them before this Court. ECF Nos. 15, 17, 18. Once this motion is granted,[3] the defendants will have the same representation before this Court as they would if the case were transferred, eliminating the prejudice they allege.[4]

Because the forum selection clause is therefore enforceable, the Court "should not unnecessarily disrupt the parties' settled expectations," as "the interest of justice is served by holding parties to their bargain." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988).

Lastly, this action was commenced several months ago, the discovery deadlines are soon approaching (with all discovery to be completed by February 28, 2020), and the case is to be ready

---

[3] As of the date below, the Court has not been able to grant his motion due to filing deficiencies on his part, but expects that these can be rectified. See ECF Nos. 15, 17, 18.

[4] In addition, given the presumptive validity of the forum selection clause, the private-interest factors are deemed to weigh in favor of the preselected forum. See Atlantic Marine Construction Co. v. United States Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 64 (2013). Accordingly, the Court may consider only public-interest factors in overruling the forum selection clause, see id., but the defendants put forth no public interest factors supporting the motion.

4

for trial by April 13, 2020. A transfer of venue at this point would be costly, ineffective, and contrary to the interests of justice.

**Conclusion**

In sum, the Court denies the defendants' motion in its entirety. The Clerk is directed to close the entries at docket numbers 12 and 13.

SO ORDERED.

Dated: New York, NY
January 19, 2020

JED S. RAKOFF, U.S.D.J.